UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
ROWE PLASTIC SURGERY OF NEW JERSEY,        :
L.L.C., et al.,                            :
                                           :
                        Plaintiffs,        :        23cv7049 (DLC)
                                           :
              -v-                          :        OPINION AND
                                           :          ORDER
AETNA LIFE INSURANCE COMPANY,              :
                                           :
                        Defendant.         :
                                           :
----------------------------------------- X

APPEARANCES:

For plaintiffs Rowe Plastic Surgery of New Jersey, L.L.C., and
East Coast Plastic Surgery, P.C.:

Brendan J. Kearns
Michael Baglio, I
Lewin & Baglio LLP
1100 Shames Drive, Suite 100
Westbury, New York 11590

For defendant Aetna Life Insurance Company:

Adam Joseph Petit
Robinson & Cole LLP
1055 Washington Boulevard
Stamford, Connecticut 06901

DENISE COTE, District Judge:

There are two motions pending in this action.  Defendant

Aetna Life Insurance Company ("Aetna") has moved to dismiss the

complaint.  For the reasons explained below, that motion is

granted.  Plaintiffs Rowe Plastic Surgery of New Jersey, L.L.C.

and East Coast Plastic Surgery, P.C. (together, "Rowe") object

to a decision denying their motion to amend.  Those objections are denied.

On June 14, 2023, Rowe sued Aetna for breach of contract and related claims in this diversity action.  Rowe conducts a plastic surgery practice and alleges that in a telephone conversation on May 14, 2021, Aetna represented that it would reimburse the services rendered to a patient of Rowe based upon "80th percentile of reasonable and customary."  The complaint filed in this lawsuit is identical in all material respects to a score of such complaints filed by Rowe in this district and in the Eastern District of New York.  The four claims pleaded in this and the related lawsuits -- for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement -- have been dismissed by several courts for failure to state a claim.  See, e.g., Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co., No. 23-cv-8521 (JSR), 705 F. Supp. 3d 194 (S.D.N.Y. Dec. 11, 2023), aff'd, 2024 WL 4315128 (2d Cir. 2024); Rowe Plastic Surgery of New Jersey, L.L.C v. Aetna Life Ins. Co., No. 23-cv-8529 (DLC), 2024 WL 382143 (S.D.N.Y. Feb. 1, 2024).[1]  For the reasons stated in those decisions, Aetna's September 1, 2023 motion to dismiss the complaint in this action is granted.

---

[1] Rowe did not appeal the dismissal of No. 23-cv-8529 (DLC).

The judge to whom this action was originally assigned referred pretrial matters to Magistrate Judge Ona Wang.  Judge Wang stayed this action pending the Second Circuit's decision in Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Ins. Co., No. 23-cv-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024).  After that decision was rendered, Judge Wang consulted with the parties about how to proceed and issued an order on December 9, 2024 instructing Rowe to file any motion to amend.

Rowe filed its motion to amend and on April 7, 2025, Judge Wang denied leave to amend for several reasons.  Those reasons included Rowe's failure to move to amend with diligence; Rowe's failure to identify how its proposed amended complaint would rectify certain factual and legal issues, as required by the December 9 order; Rowe's failure to address whether estoppel applied, also as required by the December 9 order; and that allowing amendment would prejudice Aetna.[2]

On April 21, Rowe objected to the April 7 decision denying it leave to amend.  Aetna responded to the objections on May 12. On December 5, this action was reassigned to this Court.

As several judges have warned Rowe and its counsel, their continued litigation -- in a raft of lawsuits of virtually

---

[2] Judge Wang also found that Rowe had failed to file a proposed amended complaint by December 23, 2024.  Rowe, however, did file that pleading; it is found at ECF 36.

identical claims which have been repeatedly dismissed -- risks the imposition of sanctions.  That remains true.  Rowe's objections to the April 7 decision of Judge Wang are not well taken.  She correctly concluded that the amended complaint's claims are futile.

As was true for the complaint, the amended complaint pleads claims for breach of contract, unjust enrichment, promissory estoppel, and fraudulent inducement.  It adds a fifth claim for conversion.  All of these claims rely on a May 14, 2021 call and the statement by an Aetna employee that Aetna's payment for the procedure would be calculated using the "80th percentile of reasonable and customary."  As courts have repeatedly held, this conversation did not create a contract and did not constitute a promise to pay a particular sum.  It was a benefits verification call.

Rowe has added to the amended complaint allegations about other communications between the parties after May 14, but none of those additional communications, which appear to be part of a pre-authorization process, created a contract or constituted a promise to pay any particular amount.  Thus, the claims continue to hinge on the substance of the May 14 conversation and must be dismissed.

Nor does the amended complaint succeed in pleading an unjust enrichment or conversion claim. It does not identify a benefit or money that Aetna received from Rowe or allege that Aetna requested that Rowe perform any particular service, much less perform it to benefit Aetna.

The amended complaint also asserts that in settling a class action lawsuit, Aetna agreed to use FAIRHealth data to calculate reimbursement for out of network services when those services were priced using the reasonable and customary formulation but has stopped doing so and is now using a flawed database for its calculation. This alleged violation of the terms of a class action settlement does not cure any of the deficiencies in Rowe's pleading of its claims. The amended complaint does not plausibly plead any communication between Aetna and Rowe that would have created reasonable reliance regarding Aetna's use of any particular database for its calculation. Without the pleading of an allegedly misleading or fraudulent statement made by Aetna to Rowe, Rowe's fraudulent inducement claim fails.

Lastly, Rowe in essence seeks to stand in the shoes of its surgical patients and to challenge the ERISA benefits that are provided to those patients. Its state law claims allege an "improper processing of a claim for benefits," and "undoubtedly meet the criteria for pre-emption" under ERISA's express

5

preemption clause.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41,
48 (1987).  On this separate ground, Rowe's claims are preempted
and must be dismissed.  Id. at 47-48.

## Conclusion

Defendant's September 1, 2023 motion to dismiss is granted.
Plaintiffs' December 23, 2024 motion to amend is denied.
Plaintiffs' objections to the April 7, 2025 decision of
Magistrate Judge Wang are largely overruled.  The Clerk of Court
shall enter judgment for the defendant and close the case.

Dated:    New York, New York
          January 20, 2026

_____
DENISE COTE
United States District Judge

6